01

02

03

04

05

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

06

AT SEATTLE

07   WESLEY P.,                                    )
                                                   )   CASE NO. C20-0699-MAT
08          Plaintiff,                             )
                                                   )
09          v.                                     )
                                                   )   ORDER RE: SOCIAL SECURITY
10   COMMISSIONER OF SOCIAL                        )   DISABILITY APPEAL
     SECURITY,                                     )
11                                                 )
            Defendant.                             )
12   _____              )

13          Plaintiff proceeds through counsel in his appeal of a final decision of the

14   Commissioner of the Social Security Administration (Commissioner).  The Commissioner

15   denied Plaintiff's applications for Disability Insurance Benefits (DIB) and Supplemental

16   Security Income (SSI) after a hearing before an Administrative Law Judge (ALJ).  Having

17   considered the ALJ's decision, the administrative record (AR), and all memoranda of record,

18   this matter is AFFIRMED.

19                       **FACTS AND PROCEDURAL HISTORY**

20          Plaintiff was born on XXXX, 1956.[1]  He has a high school diploma and previously

21

22          [1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

01  worked as a truck driver and material handler.  (AR 1442.)

02      Plaintiff applied for DIB and SSI in December 2010 and April 2011, respectively.

03  (AR 206-19.)  Those applications were denied and Plaintiff timely requested a hearing.  (AR

04  139-42, 145-50, 156-57.)

05      In September 2012, ALJ Tom Morris held a hearing, taking testimony from Plaintiff

06  and a vocational expert (VE).  (AR 36-80.)  In November 2012, the ALJ issued a decision

07  finding Plaintiff not disabled.  (AR 16-35.)  Plaintiff timely appealed.  The Appeals Council

08  denied Plaintiff's request for review (AR 1-5), making the ALJ's decision the final decision of

09  the Commissioner.

10      Plaintiff appealed this final decision of the Commissioner to this Court, which

11  reversed the ALJ's decision and remanded for additional proceedings.  (AR 525-38.)  ALJ

12  Morris held another hearing on remand in December 2015 (AR 543-87), and subsequently

13  found Plaintiff not disabled.  (AR 494-519.)  The Appeals Council denied Plaintiff's request

14  for review (AR 487-93), and Plaintiff again sought judicial review in this Court, which

15  reversed the ALJ's decision and remand for further proceedings.  (AR 1544-52.)

16      On remand, ALJ Stephanie Martz held another hearing (AR 1455-93), and

17  subsequently found Plaintiff not disabled.  (AR 1423-44.)  The Appeals Council denied

18  Plaintiff's request for review (AR 1370-75), and Plaintiff now seeks judicial review.

19                              **JURISDICTION**

20      The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. §

21  405(g).

22  //

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -2

01                                    **<u>DISCUSSION</u>**

02         The Commissioner follows a five-step sequential evaluation process for determining

03  whether a claimant is disabled.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it

04  must be determined whether the claimant is gainfully employed.  The ALJ found Plaintiff had

05  not engaged in substantial gainful activity since January 1, 2009, the alleged onset date.  (AR

06  1426.)  At step two, it must be determined whether a claimant suffers from a severe

07  impairment.  The ALJ found severe Plaintiff's affective disorder.  (AR 1426-29.)  Step three

08  asks whether a claimant's impairments meet or equal a listed impairment.  The ALJ found

09  that Plaintiff's impairment did not meet or equal the criteria of a listed impairment. (AR 1429-

10  31.)

11         If a claimant's impairments do not meet or equal a listing, the Commissioner must

12  assess residual functional capacity (RFC) and determine at step four whether the claimant has

13  demonstrated an inability to perform past relevant work.  The ALJ found Plaintiff capable of

14  performing a full range of work at all exertional levels, with the following nonexertional

15  limitations: he can understand, remember, and carry out simple as well as routine tasks and

16  instructions.  He can work independently, not on team or tandem tasks.  He can have

17  occasional, superficial (i.e., task-related) interaction with co-workers, and should not interact

18  with the public.  He can accept supervisory instructions and have occasional contact with

19  supervisors.  He should work in a routine and predictable work environment.  (AR 1431.)

20  With that assessment, the ALJ found Plaintiff unable to perform past relevant work.  (AR

21  1446.)

22         If a claimant demonstrates an inability to perform past relevant work, the burden shifts

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -3

01  to the Commissioner to demonstrate at step five that the claimant retains the capacity to make

02  an adjustment to work that exists in significant levels in the national economy.  With the

03  assistance of the VE, the ALJ found Plaintiff capable of transitioning to other representative

04  occupations, such as janitor, packager, and assembler.  (AR 1143.)

05       This Court's review of the ALJ's decision is limited to whether the decision is in

06  accordance with the law and the findings supported by substantial evidence in the record as a

07  whole.  *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993).  Substantial evidence means

08  more than a scintilla, but less than a preponderance; it means such relevant evidence as a

09  reasonable mind might accept as adequate to support a conclusion.  *Magallanes v. Bowen*, 881

10  F.2d 747, 750 (9th Cir. 1989).  If there is more than one rational interpretation, one of which

11  supports the ALJ's decision, the Court must uphold that decision.  *Thomas v. Barnhart*, 278

12  F.3d 947, 954 (9th Cir. 2002).

13       Plaintiff argues the ALJ erred in (1) rejecting certain diagnoses as not severe at step

14  two, (2) discounting his subjective symptom testimony, and (3) discounting certain medical

15  evidence and opinions.  The Commissioner argues that the ALJ's decision is supported by

16  substantial evidence and should be affirmed.

17                                    Step two

18       The ALJ found several of Plaintiff's mental impairments to be not medically

19  determinable at step two, but did list affective disorder as a severe, medically determinable

20  impairment.  (AR 1426-29.)  The ALJ also indicated that even if the non-medically

21  determinable impairments had been established, they would not have caused greater

22  limitations than the ALJ included in the RFC assessment.  (AR 1429.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -4

01        At step two, a claimant must make a threshold showing her medically determinable

02 impairments significantly limit her ability to perform basic work activities.  *See Bowen v.*

03 *Yuckert*, 482 U.S. 137, 145 (1987); 20 C.F.R. § 404.1520(c).   A medically determinable

04 impairment must be supported by objective medical evidence from an acceptable medical

05 source.  20 C.F.R. § 404.1521; Social Security Ruling (SSR) 16-3p, 2017 WL 5180304, at *3

06 (Oct. 25, 2017).  Neither a statement of symptoms, a diagnosis, nor a medical opinion suffices

07 to establish the existence of a medically determinable impairment.  20 C.F.R. § 404.1521.

08 "Medical signs and laboratory findings, established by medically acceptable clinical or

09 laboratory diagnostic techniques, must show the existence of a medical impairment(s) which

10 results from anatomical, physiological, or psychological abnormalities and which could

11 reasonably be expected to produce the pain or other symptoms alleged."   20 C.F.R. §

12 404.1529(b).

13        In this case, Plaintiff notes that several examining psychologists and the State agency

14 consultants listed diagnoses other than affective disorder, and thus he contends that the ALJ

15 erred in finding that only affective disorder was a medically determinable impairment at step

16 two.  Dkt. 12 at 3-5.  Plaintiff fails to show that any harm resulted from this aspect of the

17 ALJ's decision, however; the ALJ explicitly found that even if the omitted mental diagnoses

18 had been established as medically determinable impairments, they would not have led to any

19 additional restrictions in the RFC assessment.  (AR 1429.)

20        The Commissioner argued this point in the response brief (Dkt. 14 at 3), and

21 Plaintiff's reply brief fails to identify any particular limitation that was excluded as a result of

22 the step-two finding.  Plaintiff notes that the ALJ, in providing multiple reasons to discount

01  the examining psychologists' opinions, emphasized that some of the examiners diagnosed

02  Plaintiff with conditions found to be not medically determinable (AR 1438-41), but these

03  findings do not show that the ALJ excluded any particular limitation from the RFC

04  assessment solely as a result of the step-two findings.  Plaintiff has therefore not met his

05  burden to show that any harm resulted from the ALJ's step-two findings.

06                          Subjective symptom testimony

07      The ALJ discounted Plaintiff's subjective symptom testimony because (1) Plaintiff's

08  treatment record fails to corroborate any significant deterioration in his condition during the

09  adjudicated period and instead demonstrates improvement with treatment; (2) Plaintiff's

10  activities (creating and performing music to the public on a regular basis) contradict his

11  allegations of disabling cognitive/social deficits; (3) the record shows that Plaintiff made

12  inconsistent statements about his substance use and his psychological symptoms; and (4) the

13  treatment notes suggest Plaintiff was often focused on addressing situational stressors such as

14  housing, police violence, family relationships, and confrontations with homeless and addicted

15  people, as well as on receiving disability benefits, rather than on treating his impairments.

16  (AR 1431-35.)  Plaintiff argues that these reasons are not clear and convincing, as required in

17  the Ninth Circuit. *Burrell v. Colvin*, 775 F.3d 1133, 1136-37 (9th Cir. 2014).

18  Treatment record

19      The ALJ found that the objective treatment record is inconsistent with Plaintiff's

20  allegations of disability because it shows that Plaintiff's "mental symptoms have been

21  responsive to medication when he takes it as prescribed, and that, when seen, he has had

22  relatively benign mental status findings during appointments."  (AR 1433.)

01    Plaintiff does not dispute that his mental condition improved with treatment in 2017

02    and 2018, but argues that the ALJ failed to cite objective evidence from the entire adjudicated

03    period indicating that his symptoms were less severe than alleged.[2]  Dkt. 12 at 10.  The ALJ's

04    discussion of the treatment record, however, addresses the evidence pertaining to the entire

05    adjudicated period, rather than only 2017 and 2018.  (AR 1431-33.)  For example, the ALJ

06    cited treatment notes from 2009 and 2011 wherein Plaintiff was not taking any medication nor

07    participating in counseling.  (AR 1431-32 (citing AR 330, 348, 360-61, 363, 381-82, 384-

08    85).)  The ALJ also cited treatment notes showing that Plaintiff's condition improved with

09    medication and counseling in 2011, 2012, 2014, and 2015-2018, and that providers described

10    Plaintiff's depression as in remission in 2015-2018.  (AR 1432-33 (citing *inter alia* AR 387-

11    88, 397, 399, 423-28, 439, 441, 458, 462, 484-85, 891, 893, 904, 917, 1000, 1003, 1046,

12    1061, 1118, 1136, 1183, 1205, 1260, 1278, 1351, 1703, 1782-83, 1852, 1863, 1878, 1880,

13    1943, 1945, 2144 ).)

14    Even if, as Plaintiff emphasizes, some of his symptoms persisted despite his

15    improvement, the ALJ's RFC assessment includes significant mental limitations (AR 1431)

16    and Plaintiff has not shown that the ALJ erred in finding that the objective evidence failed to

17    support more severe limitations.

18    Activities

19    The record describes Plaintiff's ability to compose and publicly perform music on a

20

21        [2] Plaintiff suggests that the ALJ should have considered a closed period of disability based on
improved mood after 2015 (Dkt. 12 at 10), but Plaintiff did not make such an argument to the ALJ and
22    instead counsel urged the ALJ at the hearing to find Plaintiff disabled throughout the entire
adjudicated period, despite acknowledging improvement.  (AR 1461-62.)

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -7

01  regular basis, and the ALJ found this activity to be inconsistent with Plaintiff's allegation of

02  disabling cognitive/social deficits.  (AR 1434.)  Plaintiff argues that his music activities

03  demonstrate his "slow but progressive mental improvement" since his disability onset, but

04  contends that he nonetheless continued to experience disabling mental dysfunction, such that

05  his ability to play music "did not translate into an ability to engage in gainful work activity."

06  Dkt. 12 at 11-12.  But the ALJ did not cite Plaintiff's music activities as evidence that he

07  could work: the ALJ cited Plaintiff's ability to compose and perform music in public as

08  evidence that his cognitive and social limitations were not as severe as he alleged.  (AR

09  1434.)   Plaintiff has not shown that the ALJ's stated reasoning was unreasonable or

10  erroneous.

11       Plaintiff goes on to challenge the ALJ's reliance on his music activities for another

12  reason: because he did not compose and play music for the entire adjudicated period, but only

13  after 2014, Plaintiff argues that this activity does not serve as a reason to find him not

14  disabled during the entire period.  Dkt. 12 at 13.  But this was not the only reason the ALJ

15  provided for discounting Plaintiff's allegations: given that the ALJ provided other reasons that

16  span the entire adjudicated period, the ALJ did not err in relying on this activity to the extent

17  that Plaintiff engaged in it during the period.

18       Accordingly, the Court finds that Plaintiff has not established error in the ALJ's

19  findings related to Plaintiff's music activity.

20  Inconsistent reporting of substance use

21       The  ALJ  cited  evidence  showing  that  Plaintiff  made  inaccurate  or  inconsistent

22  statements regarding his substance use and hallucinations, and found that these discrepancies

01   undermined the reliability of Plaintiff's self-report.  (AR 1434-35.)

02          Plaintiff argues that the record does not suggest that he attempted to hide his substance

03   use, and contends that he was "quite candid" with his providers.  Dkt. 12 at 13.  But the ALJ

04   cited treatment notes wherein Plaintiff was not entirely candid with his providers.  (*See, e.g.*,

05   AR 347 (urine test positive for cocaine and marijuana on December 21, 2011), 399 (on

06   December 13, 2011, Plaintiff initially denied any prior history of alcohol or drug use, but then

07   upon further questioning admitted using marijuana years ago; provider was aware of a urine

08   test positive for cocaine only four months earlier that Plaintiff did not disclose), 860 (Plaintiff

09   denied any history of drug or alcohol abuse to an examining psychologist), 1195 (Plaintiff

10   disclosed a long history of using cannabis as well as current use to his treating provider,

11   despite previously denying any use or history of use), 1652 (Plaintiff denied any history of

12   substance abuse or dependence to an examining psychologist).)  The treatment notes cited by

13   the ALJ do not demonstrate candor.

14          Plaintiff also argues that the ALJ erred in discounting his allegations based on

15   inconsistencies in his reporting of alcohol or drug use, because this amounts to a general

16   finding that he is not a truthful person, which is contrary to SSR 16-3p.  Dkt. 12 at 13.  The

17   Court disagrees.  The ALJ pointed to specific inconsistencies in Plaintiff's statements to

18   providers, rather than, for example, inferring from the evidence of his drug use that he is not a

19   truthful person.  The ALJ did not err in citing Plaintiff's inaccurate reporting of his substance

20   use as one reason to discount his allegations.  *See, e.g.*, *Freeman v. Saul*, 785 Fed. Appx. 388

21   (9th Cir. Nov. 19, 2019) (affirming an ALJ's discounting a plaintiff's allegations because she

22   "lied to the ALJ and her treatment providers about her illegal drug use").

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -9

01      Furthermore, the ALJ also cited evidence that Plaintiff reported experiencing

02 hallucinations during evaluations for benefits (AR 373 (reporting daily auditory

03 hallucinations), 418 (describing auditory hallucinations), 859 (describing auditory

04 hallucinations that have been occurring for five years, in October 2012)), but denied

05 experiencing hallucinations to treating providers.  (AR 1435 (citing AR 1036, 1063, 1119,

06 1137, 1196, 1218, 1279, 1778, 1850, 1861, 1878, 1943).)  The ALJ did not err in relying on

07 these inconsistencies in discounting Plaintiff's allegations.

08 <u>Situational stressors & disability focus</u>

09      Plaintiff does not dispute that (as the ALJ found) his treatment notes reference

10 situational stressors as well as a focus on receiving disability benefits, but argues that the ALJ

11 failed to explain how these references undermine his allegation of disabling mental

12 symptoms.  Dkt. 12 at 10-11.  Plaintiff is mistaken: the ALJ found that the treatment notes

13 "appear <u>more focused</u> on dealing with situational stressors . . . than dealing with his

14 depression."  (AR 1434 (emphasis added).)  The ALJ reasonably suggested that because the

15 treatment notes (AR 451-86, 976-1369, 1757-2198) indicate that during many of his

16 appointments Plaintiff was focused not on treating his conditions but on receiving help related

17 to applying for housing, understanding police violence, maintaining benefits eligibility,

18 relationship issues, and handling confrontations with homeless and addicted people, this focus

19 undermines Plaintiff's allegation that he cannot work due his impairments.  The ALJ also

20 pointed to evidence that Plaintiff could not be redirected from his focus on obtaining benefits,

21 during at least one treatment appointment.  (AR 1434 (referring to AR 1130-31).)  The

22 evidence cited by the ALJ suggests that many of Plaintiff's treatment notes address issues

01  other than treatment for his impairments, and the ALJ reasonably found that this undermined

02  Plaintiff's allegation that he cannot work due to his impairments. *See* SSR 82-61, 1982 WL

03  31387, at *1 (Jan. 1, 1982) ("A basic program principle is that a claimant's impairment must

04  be the primary reason for his or her inability to engage in substantial gainful work.").

05      Because the ALJ provided multiple legally valid reasons to discount Plaintiff's

06  allegations, the Court affirms this portion of the ALJ's decision.

07                                          Medical evidence

08      Plaintiff argues that the ALJ erred in assessing several opinions written by acceptable

09  medical sources as well as non-acceptable medical sources (hereinafter "the challenged

10  opinions"), each of which describe disabling mental limitations. (*See* AR 318-27 (October

11  2010 opinion of examining psychologist Robert Parker, Ph.D.), 371-76 (June 2011 opinion of

12  examining psychologist David Widlan, Ph.D.), 417-22 (September 2011 opinion of

13  examining psychologist Melanie Mitchell, Psy.D.), 429-30 (September 2012 letter of treating

14  psychologist Meghan Szczebak, Psy.D., LMHC), 431 (September 2012 letter of treating

15  counselor David Robinson, LMHC), 859-68 (October 2012 opinion of Dr. Widlan), 1651

16  (November 2010 opinion of non-examining psychologist Phyllis Sanchez, Ph.D.), 1652-56

17  (August 2015 opinion of examining psychologist Geordie Knapp, Psy.D.), 1657-61 (August

18  2015 opinion of non-examining psychologist Brian VanFossen, Ph.D.), 2199 (September

19  2018 letter of treating counselor Antonia Caliboso, LICSW).)

20      The ALJ found the challenged opinions to be inconsistent with evidence of Plaintiff's

21  improvement with treatment and benign mental status examination findings, and inconsistent

22  with Plaintiff's activities. (AR 1437-38.) The ALJ also discounted the challenged opinions to

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -11

the extent that they were rendered without access to Plaintiff's longitudinal treatment record. (AR 1438.) Lastly, the ALJ noted that each of the authors of the challenged opinions relied at least in part on Plaintiff's self-report, which the Court found to be not fully reliable. (AR 1438.) The Court will address the sufficiency of each of the ALJ's reasons for discounting the challenged opinions, as well as the ALJ's additional reasons related to Mr. Robinson's opinion.

Legal standards

In general, more weight should be given to the opinion of a treating doctor than to a non-treating doctor, and more weight to the opinion of an examining doctor than to a non-examining doctor. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996).[3] Where not contradicted by another doctor, a treating or examining doctor's opinion may be rejected only for "'clear and convincing'" reasons. *Id.* (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Where contradicted, a treating or examining doctor's opinion may not be rejected without "'specific and legitimate reasons' supported by substantial evidence in the record for so doing." *Lester*, 81 F.3d at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)).

Lay witness testimony as to a claimant's symptoms or how an impairment affects ability to work is competent evidence and cannot be disregarded without comment. *Van Nguyen v. Chater*, 100 F.3d 1462, 1467 (9th Cir. 1996). The ALJ can reject the testimony of lay witnesses only upon giving germane reasons. *Smolen v. Chater*, 80 F.3d 1273, 1288-89

---

[3] Because Plaintiff filed disability applications prior to March 27, 2017, the regulations set forth in 20 C.F.R. § 404.1527 and § 416.927 apply to the ALJ's consideration of medical opinions.

01   (9th Cir. 1996)

02   Inconsistent with objective treatment record and evidence of improvement[4]

03       Plaintiff argues that the ALJ erred in relying on the treatment record and evidence of

04   improvement as a reason to discount the challenged opinions because the treatment record did

05   not demonstrate improvement until 2017, and in years prior Plaintiff's examinations showed

06   significant deficits.  Dkt. 12 at 15.  Plaintiff also contends that even after he started to improve

07   in 2017, the record shows that some limitations persisted.  Dkt. 12 at 15.

08       Plaintiff's arguments are not persuasive, for reasons discussed earlier with respect to

09   his subjective allegations.  The ALJ cited evidence from throughout the adjudicated period

10   showing that Plaintiff's symptoms improved with medication and counseling, and to the

11   extent that the record showed that some symptoms persisted even with treatment, those

12   symptoms are accounted for in the ALJ's RFC assessment.  (AR 1431-33.)  Because the ALJ

13   reasonably found the challenged opinions to be inconsistent with the medical record, the ALJ

14   did not err in discounting the opinions on this basis.  *See Tommasetti v. Astrue*, 533 F.3d

15   1035, 1041 (9th Cir. 2008) (not improper to reject an opinion presenting inconsistencies

16   between the opinion and the medical record).

17   Inconsistent with activities

18       The ALJ also found the challenged opinions to be inconsistent with Plaintiff's music

19   activities, indicating that it is "somewhat inconceivable that someone with the marked/severe

20

21       [4] In discounting the challenged opinions due to lack of support in or inconsistency with the record, the ALJ also noted that some of these opinions referenced diagnoses for conditions that the ALJ had found to be not medically determinable.  (AR 1438-40.)  Plaintiff argues that the ALJ erred in finding those conditions to be not medically determinable (Dkt. 12 at 16), but for the reasons explained *supra*, the Court finds no harmful error in that aspect of the ALJ's decision.

22

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -13

01    cognitive, social, and mental limitations" described by the providers would be able to spend

02    "80% of his day, every day, creating his own music and performing it outside to the public[.]"

03    (AR 1438.)

04        Plaintiff argues that his music activity does not show that he could work (Dkt. 12 at

05    15), but again, the ALJ did not cite his music activities as proof that he could work.  Instead,

06    the ALJ reasonably found that Plaintiff's music activities were inconsistent with the

07    limitations described in the challenged opinions.  (*See, e.g.*, AR 418 (describing Plaintiff's

08    isolation and avoidance of other people), 429-30 (describing Plaintiff's inability to initiate

09    activities), 431 (describing Plaintiff's paranoia around other people and marked impairments

10    as to concentration and focus), 860 (describing Plaintiff's confusion, concentration/focus

11    deficits, paranoia, and social deficits), 1642 (describing Plaintiff's severe distractibility), 1653

12    (describing Plaintiff's struggle to pursue meaningful activity and his social avoidance that

13    leads him to often stay home alone), 2199 (describing Plaintiff's inability to engage in social

14    and cognitive functioning 30-50% of the time).)  This inconsistency is a legally sufficient

15    reason to discount the challenged opinions.  *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir.

16    2001) (affirming an ALJ's rejection of a treating physician's opinion that was inconsistent

17    with the claimant's level of activity); *Carmickle v. Comm'r of Social Sec. Admin.*, 533 F.3d

18    1155, 1164 (9th Cir. 2008) (finding that inconsistency with a claimant's activities is a

19    germane reason to discount a lay statement).

20    Lack of familiarity with the longitudinal record

21        The ALJ noted that most of the authors of the challenged opinions did not have access

22    to the entire longitudinal treatment record.  (AR 1438.)  Plaintiff correctly notes that the ALJ

01   erroneously included a treating provider (Ms. Caliboso) in this rationale (Dkt. 12 at 16), but

02   this error is harmless because the ALJ provided multiple other valid reasons to discount Ms.

03   Caliboso's opinion, some of which are unchallenged.  (AR 1437-38, 1441.)

04       But the ALJ correctly noted that the other opinions, written by examining or non-

05   examining sources, were rendered without access to the longitudinal treatment record (AR

06   1438), and this is a specific, legitimate reason to discount those opinions.  *See* 20 C.F.R. §§

07   404.1527(c)(6), 416.927(c)(6).  Although Plaintiff argues that this line of reasoning is not

08   legitimate because the ALJ credited the opinions of non-examining State agency consultants

09   (Dkt. 12 at 16), those consultants had access to more of the record than the sources discounted

10   by the ALJ.  Furthermore, although Plaintiff argues that this reasoning does not legitimately

11   apply to Dr. Widlan because he examined Plaintiff twice (Dkt. 12 at 16), both of Dr. Widlan's

12   examinations were performed without access to the treatment record.  (AR 371, 859.)  Thus,

13   Plaintiff has not shown that the ALJ erred in finding that certain opinions were rendered

14   without access to the treatment record, or in discounting those opinions on that basis.

15   <u>Partial reliance on self-report</u>

16       The ALJ found that the challenged opinions were rendered with at least partial

17   reliance on Plaintiff's self-reporting, and because the ALJ had found that his self-report was

18   not entirely reliable, the ALJ discounted the opinions to the extent that they were based on

19   Plaintiff's self-report.  (AR 1438.)

20       Plaintiff argues that because psychological examinations by their nature depend on a

21   patient's report, the sources' reliance on Plaintiff's self-report does not undermine their

22   opinions.  Dkt. 12 at 15-16.  This argument is not persuasive in this case because the ALJ

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -15

01   specifically noted discrepancies between Plaintiff's self-report to examining psychologists

02   and his self-report to treating sources.  (AR 1435 (noting that Plaintiff reported psychotic

03   symptoms to examiners evaluating him for benefits eligibility, but denied such symptoms to

04   treating sources).)  Under these circumstances, the ALJ did not err in discounting opinions to

05   the extent they were based on self-reporting that the ALJ specifically found unreliable.  *See*

06   *Bray v. Comm'r of Social Sec. Admin.*, 554 F.3d 1219, 1228 (9th Cir. 2009) ("As the district

07   court noted, however, the treating physician's prescribed work restrictions were based on

08   Bray's subjective characterization of her symptoms. As the ALJ determined that Bray's

09   description of her limitations was not entirely credible, it is reasonable to discount a

10   physician's prescription that was based on those less than credible statements.); *Calkins v.*

11   *Astrue*, 384 Fed. Appx. 613, 615 (9th Cir. June 17, 2010) ("[A]n ALJ must be permitted to

12   discount an opinion based principally upon a claimant's self-reporting if the record contains

13   objective evidence that the self-reporting is not credible.").

14   Mr. Robinson

15        The ALJ discounted Mr. Robinson's September 2012 letter for two additional reasons:

16   (1) Mr. Robinson had only seen Plaintiff five times before writing the letter, and (2) Mr.

17   Robinson's treatment notes do not document the problems Mr. Robinson described in his

18   letter.  (AR 1440.)

19        Plaintiff argues that the ALJ erred in finding that Mr. Robinson had only seen him five

20   times, pointing to references to treatment sessions on other dates.  Dkt. 12 at 17 (citing AR

21   423-28).   The record does reference more than five sessions, as the Commissioner

22   acknowledges (Dkt. 14 at 15), but not all of the corresponding treatment notes are in the

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -16

01  record.  In any event, the ALJ's error in describing the frequency of Plaintiff's appointments

02  with Mr. Robinson is harmless because the ALJ gave other reasons to discount Mr.

03  Robinson's opinion (as addressed above), and also pointed to treatment notes that are

04  inconsistent with the limitations Mr. Robinson described.  (AR 1440 (citing AR 395, 397,

05  462, 470, 480, 482).)  Plaintiff points to other treatment notes from 2014 and 2015 that he

06  contends corroborate Mr. Robinson's letter, but those notes post-date Mr. Robinson's letter

07  and thus do not show that the ALJ erred in finding that Mr. Robinson's letter was inconsistent

08  with Plaintiff's contemporaneous treatment notes.  Dkt. 12 at 17 (citing AR 900, 903, 1017,

09  1036-37, 1063-64, 1118-19, 1124, 1136-37).   Accordingly, the Court affirms the ALJ's

10  assessment of Mr. Robinson's letter.

11         For all of these reasons, the Court finds that Plaintiff has not established harmful error

12  in the ALJ's assessment of the medical opinion evidence.

13                                         **<u>CONCLUSION</u>**

14         For the reasons set forth above, this matter is AFFIRMED.

15         DATED this <u>15th</u> day of January, 2021.

16

17                                                         Mary Alice Theiler

18                                                         United States Magistrate Judge

19

20

21

22

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL
PAGE -17